IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Bailey, #231892 ) | |
| Plaintiff, ) | Civil Action No.8:08-244-HFF-BHH |
| v. ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |
| Director of Alvin S. Glenn Detention *et al.*, ) | |
| Defendants. ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' various motions for summary judgment. [Docs. 29, 33, 39.] The plaintiff has filed responses to each of the motions respectively.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff is a former detainee of the Alvin S. Glenn Detention Center. The plaintiff contends that before he was admitted into the Detention Center, he was beaten by Columbia City Police. (Compl. at 4.) The plaintiff further alleges that the defendants, upon admission to the Detention Center, were indifferent to injuries sustained as a result of the beating.

It is undisputed that, shortly after being booked into the Detention Center, the plaintiff was placed on Suicide Watch by order of the medical staff. (See Compl. at 4); [Doc.33 (Harrell Aff., Ex. A, pt. 2).] The plaintiff spent approximately twelve days on Suicide Watch,

and was then placed on medical observation. *Id*. The plaintiff contends that his placement on Suicide Watch was a violation of his constitutional rights.

On February 3, 2006, the plaintiff fell while walking inside his cell and fractured his left ankle. *Id*.; (Compl. at 5.) The plaintiff was taken to the emergency room at Richland Memorial Hospital, and was operated on the following day, February 4, 2006. [Doc.33 (Harrell Aff., Ex. A, pt. 2).] After returning to the Alvin S. Glenn Detention Center, the plaintiff was again placed on medical observation. *Id*. The plaintiff contends that the defendants were indifferent to the medical issues related to his broken leg.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD

2

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

As stated, the plaintiff has pled essentially three claims against the defendants. First, he contends that the defendants were, on two separate occasions, deliberately indifferent to his medical needs. Second, the plaintiff contends that he was wrongly placed on suicide watch. The Court will address each claim in turn.

**I.     Deliberate Indifference Claims**

The plaintiff first argues that the defendants failed to timely treat injuries allegedly suffered from the police beating and failed to properly treat his leg when he later broke it at the Detention Center. The defendants all contend that they are entitled to summary judgment because the plaintiff has failed to establish they were deliberately indifferent to either of these concerns. The undersigned agrees.

The Eighth and Fourteenth Amendments require the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical

staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended.[1] *Id.* at 104.

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *See Estelle*, 429 U.S. at 104; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner receive the treatment

---

[1] The court notes that the plaintiff was a pretrial detainee at the time of the alleged constitutional violations. Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle*, 429 U.S. 97).

5

of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

The plaintiff first claims that the defendants were deliberately indifferent to his medical needs when he was initially arrested. He contends that he was "beaten by Columbia City Police, who took [him] to the Alvin S. Glenn Det. Center where [he] asked for medical help and was refused." (Compl. at 4.) The plaintiff may also be contending that he was not seen for this alleged incident until "23 days" later, although it is not entirely clear. *Id*.

The plaintiff has not created any issues of fact concerning an Eighth Amendment violation based on this incident because he has not produced any evidence as to the objective element of his claim. Not only has the plaintiff not directed the Court's attention to any evidence of injury resulting from the alleged beating but he has not even alleged what injuries he believes he suffered. Accordingly, no jury could find reason to believe that he suffered "serious" injuries to which the defendants were indifferent. *See Estelle*, 429 U.S. at 104. Moreover, the plaintiff has not alleged any injury or pain resulting from the defendants' alleged failure to treat his injuries, if any. *See Monmouth Co. Corr. Inst. Inmates*, 834 F.2d at 347. Concerning the police beating, the Court has reviewed the plaintiff's Complaint and his 3, thirty-page responses to summary judgment and has not been able to identify what injuries or medical needs the plaintiff believes were ignored or what additional injuries the indifference might have caused.

The plaintiff has made only the most conclusory allegations concerning this incident, insufficient to survive summary judgment. He certainly has not produced evidence in support of his claim.

The plaintiff's next deliberate indifference claim concerns an allegation that the plaintiff broke his leg while inside his cell but that the defendants were somehow deliberately indifferent to that injury. The plaintiff's position is completely untenable. By his own admission, he was seen February 3, 2006, the same day he broke his leg; was prescribed medication; was taken to the hospital; and operated on the very next day. (Compl. at 5.) These admissions eliminate all issues of fact concerning the plaintiff's deliberate indifference claim. The defendants were unquestionably attentive. Moreover, the defendants have submitted evidence that confirms the plaintiff's account that he was taken the same day that he broke his leg to emergent care, underwent surgery the next day, and was under constant medical observation for his injuries upon his return. [Doc. 29 (Harrel Affidavit, Ex. A, pt. 2; Jarvis Aff. ¶ 10); Doc. 33 (Def. Ex. B at 22, 23, 59, 60, 64, 66, 67, 130, 132, 143] The Court's own review of the medical record speaks only of responsiveness to the plaintiff's medical needs, not indifference.

The plaintiff also has not explained what injuries he claims to have suffered from the alleged indifference. *See Monmouth Co. Corr. Inst. Inmates*, 834 F.2d at 347. He does not allege any unnecessary or wanton pain or any life-long handicap or permanent loss as a result of any indifference. *Id*. Of course, as stated, he has not even alleged any indifference to speak of. The plaintiff, therefore, has failed to satisfy any element of his claim regarding this incident.

The plaintiff makes various allegations like "I was rudely shaken awake" or "I was laffed [sic] at." (Compl. at 5.) These allegations do not implicate any constitutional values. Moreover, the plaintiff has made other generic claims regarding the type of treatment

7

afforded him. But the Constitution does not guarantee a prisoner receive the treatment of his choice. *See Jackson*, 846 F.2d at 817. Nor does mere negligence, in the treatment provided, give rise to a constitutional claim. *See Miltier,* 896 F.2d at 851. Allegations related to the length of casting or to whether the plaintiff's skin grew over the staples used to seal his surgical wound, therefore, go to concerns of medical malpractice and treatment quality and not to issues of indifference.

**II.     Suicide Watch Classification**

The plaintiff also argues that he was improperly placed on suicide watch and that the defendants left him on suicide watch even after he the medical staff had formally released him on January 17, 2006. The plaintiff contends that he was kept on suicide watch until January 24, 2006.

The due process rights of pretrial detainees as to classification presents a different analysis than for convicted prisoners. Those in jail awaiting trial have not been convicted of an offense and have not lost the constitutionally guaranteed liberty rights that pertain in the absence of a conviction. Accordingly, claims of a pretrial detainee in a state correctional facility are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). Because a pretrial detainee may not be punished for his alleged crime prior to conviction, the conditions of confinement of a pretrial detainee are constitutional unless they constitute punishment. *See id.* at 535-37. "Not every disability imposed during pretrial detention," however, "amounts to 'punishment' in the constitutional sense." *Id*. at 537. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539.

The United States Supreme Court has held that maintaining institutional security and effectively managing the facility are examples of valid governmental objectives that could

justify the imposition of restrictions on pretrial detainees. *See id.* at 540; *see also Collazo-Leon v. United States Bureau of Prisons*, 51 F.3d 315, 318 (1st Cir.1995) ("On the authority of Bell, it may be divined that even if a restriction or condition may be viewed as having a punitive effect on the pretrial detainee, it is nonetheless constitutional if it also furthers some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation."). Further, the Supreme Court cautions that the implementation of measures to maintain institutional security is "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 540 n.23.

In this case, the plaintiff was not placed on suicide watch for any punitive reason. Rather, he was placed on suicide watch for his own safety, by order of the medical staff. [Doc. 29 (Harrel Affidavit, Ex. A, pt. 2).] Securing the well-being and safety of a pretrial detainee constitutes a legitimate governmental objective and not punishment. *See Serton v. Sollie*, 2003 WL 22849840 at *3 (5th Cir. Dec. 2, 2003) (finding no due process violation where summary judgment evidence showed that, although pretrial detainee was housed in administrative segregation without predeprivation notice and hearing, his placement was for his own protection and was not punishment for a disciplinary violation). The plaintiff does not contend otherwise. He does not argue that the suicide watch was intended as punishment. Moreover, as stated, even to the extent a restriction or condition may be viewed as having a punitive effect on the pretrial detainee, it is nonetheless constitutional if it also furthers some legitimate governmental objective. *Collazo-Leon,* 51 F.3d at 318. As stated, the suicide watch so qualifies.

Accordingly, the plaintiff has not produced any evidence that the suicide watch was punitive in nature or intended to be punitive in nature. The only evidence of record was that it was for his own benefit, even if the defendants were mistaken in so concluding.

### III.     State Law Claims

Having recommended dismissal of the plaintiff's federal claims against the defendants, the Court declines to exercise jurisdiction over whatever state law claims the plaintiff may have against the defendants. *See* 28 U.S.C. § 1367(c); *Tripp v. Charlie Falk's Auto Wholesale Inc.,* 290 Fed. Appx. 622, 632 (4th Cir. 2008); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

### **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motions for summary judgment [Docs. 29, 33, 39] should be GRANTED as to all claims.

> s/Bruce Howe Hendricks
> United States Magistrate Judge

February 4, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).